THE GENERAL INDUSTRIES CO., APPELLANT, *v.* JONES, ADMR. OF BUREAU OF UNEMPLOYMENT COMPENSATION, ET AL., APPELLEES.

ROMEC PUMP CO., APPELLANT, *v.* JONES, ADMR. OF BUREAU OF UNEMPLOYMENT COMPENSATION, ET AL., APPELLEES.

THE GENERAL INDUSTRIES CO., APPELLANT, *v.* JONES, ADMR. OF BUREAU OF UNEMPLOYMENT COMPENSATION, ET AL., APPELLEES.

(Nos. 1196, 1197 and 1198—Decided March 15, 1950.)

*Mr. Richard A. Stith,* for appellant in each case.

*Mr. Herbert S. Duffy,* attorney general, *Mr. George G. Steinemann* and *Mr. James B. Dooley,* for appellees in each case.

STEVENS, P. J. These cases are all appeals on questions of law, perfected in accordance with, and under the provisions of, Section 1346-4, General Code, from judgments of the Court of Common Pleas of Lorain County.

Each case presents the question of the constitutionality of Section 2 of Senate Bill 348. Senate Bill 348 was passed as emergency legislation, and was signed by the Governor of the state of Ohio on September 5, 1945, thereby becoming law upon that date. Section 2 of that act provides:

"Section 2. The provisions of this act shall apply to and govern all matters relating to unemployment compensation of an individual who became unemployed on or after August 15, 1945."

The purpose of Senate Bill 348 (amending Section 1345-1 *et seq.,* General Code, part of the Unemployment Compensation Act) was, among others, to increase the amount and duration of unemployment compensation benefits.

Each of the cases here presented involves a finding of responsibility upon the employer-appellant to pay to unemployed persons the amounts specified in Section 1 of Senate Bill 348, for the time provided therein, where the unemployment occurred prior to September 5, 1945, and applications for unemployment compensation had been filed prior to that date.

The Constitution of Ohio (Article II, Section 28) contains the following:

"Section 28. Retroactive Laws. The General Assembly shall have no power to pass retroactive laws, or laws impairing the obligation of contracts * * *."

"Retrospective" or "retroactive" laws, the two terms being considered to be synonymous (*Safford, Supt.,* v. *Metropolitan Ins. Co.,* 119 Ohio St., 332, at p. 335), were defined by Mr. Justice Story in *The Society* v. *Wheeler,* 2 Gallison's R., 105, 139, 22 Fed. Cas., 756, 767, as follows:

"Upon principle, every statute, which takes away or impairs vested rights acquired under existing laws, or

creates a new obligation, imposes a new duty, or attaches a new disability, in respect to transactions or considerations already past, must be deemed retrospective * * *." (Quoted with approval in *Rairden and Burnet* v. *Holden, Admr.*, 15 Ohio St., 207, at p. 210; *Commissioners* v. *Raschi Bros.*, 50 Ohio St., 103, at p. 111; and *Safford, Supt.*, v. *Metropolitan Ins. Co., supra.*)

It will be remembered that under the Ohio Unemployment Compensation Act, as amended, the fund created for the payment of unemployment benefits arises only from contributions by employers. (Section 1345-4 [b] *et seq.*, General Code.) No contribution is made thereto by the employee.

Also, the amount of contribution required from each employer in the state of Ohio, to support the fund, is determined by the unemployment experience at his particular plant.

It is apparent thus, that the fund for the payment of unemployment benefits to employees is created and supported by a tax in the nature of an excise tax upon the employer.

Senate Bill 348, by its terms, enlarged the benefits payable to employees, above the sum previously stipulated in the statutes, in the amount of $3 a week, and increased by two weeks the period for which such benefits could be drawn. To the extent of the increased benefits, the tax upon the employer was increased.

Thus, as to claims arising on and after August 15, 1945, and prior to September 5, 1945, there was, by said bill, a new duty imposed upon the employer as to transactions already past— *i. e.*, the duty to pay according to a schedule of benefits provided by later passed legislation.

It seems to us that the provisions of the act requiring

increased payments for increased periods of time, because of unemployment occurring prior to the effective date of the act, constitute an attempt by the Legislature, not to enact remedial legislation, but to invade the substantive rights of the employer, by imposing upon him new duties and new obligations, in respect to transactions or considerations already past. *Safford, Supt.*, v. *Metropolitan Ins. Co., supra.*

To the extent that the act imposes upon employers the duty to pay unemployment compensation benefits for the period between August 15, 1945, and September 5, 1945, according to the increased schedule of benefits set out in the act which became law on September 5, 1945, the act contravenes Section 28 of Article II of the Constitution of Ohio, and is invalid.

The judgment of the Court of Common Pleas of Lorain County will in each case be reversed, and, there being no dispute of fact, this court will enter the judgments which the trial court should have entered. The allowance of the increased benefits provided in Senate Bill 348, as to claims arising before the effective date of the act, September 5, 1945, shall be set aside, and allowance shall be made in accordance with the provisions of the Unemployment Compensation Act in effect at the time the claims matured.

Journal entries in accord with this opinion may be prepared.

Judgments reversed and final judgments for appellants.

*Judgments reversed.*

HUNSICKER, J., and DOYLE, J., concur.