SAMUEL E. VALERIO, Plaintiff, v. R & R CONSTRUCTION COMPANY, Defendant-Third-Party Plaintiff-Appellant—(CECO STEEL PRODUCTS CORPORATION, Third-Party-Defendant-Appellee.)

(No. 72-364;

Fifth District—June 17, 1974.

Robert W. Wilson, of Burroughs, Simpson & Wilson, of Edwardsville, for appellant.

Listeman, Bandy & Hamilton, of Belleville (James J. Gomric, of counsel), for appellee.

Mr. JUSTICE CREBS delivered the opinion of the court:

Plaintiff, Samuel Valerio, brought an action in the Circuit Court of Madison County against R & R Construction Company (hereafter referred to as R & R) for personal injuries suffered when a beam he was bringing down broke, causing him to stumble backward over a pile of material and debris on the floor. Plaintiff was employed by third-party defendant, Ceco Steel Products Corporation (hereafter referred to as Ceco), working on the campus of Southern Illinois University at Edwardsville. R & R was the general contractor and Ceco was the subcontractor on the job. Plaintiff's action was based both on negligence and Scaffold Act violation.

Defendant, R & R, filed a third-party action against Ceco in two counts. Count I dealt with contractual indemnity, and Count II dealt with the "active-passive" fault of the parties defendant.

At trial the jury decided Count II adversely to R & R finding defendant actively at fault. Count I of the third-party action was decided by the court in favor of Ceco on the indemnity provisions of the contract. This appeal arises solely from the court's ruling as to Count I.

Ceco entered into an agreement as a subcontractor with R & R as the general contractor to perform certain work and supply materials for the concrete flooring of the general services building of Southern Illinois University at Edwardsville. The written agreement under which the parties assumed these responsibilities was initiated on May 9, 1967, with the preparation of Ceco's standard contract form number 110. This contract form was forwarded to R & R for their signature. On May 18, R & R prepared an additional two-page document and returned same with earlier document of May 9 to Ceco. Both documents were returned for Ceco's final approval as is required by Ceco's contract form 110. In Chicago, Ceco's signature and approval was obtained on both documents on June 6, 1967, being signed by the person of Mr. William A. Smith, an officer of Ceco. They were then returned to R & R as is shown on the stamped contract form 110. The stamp bears the date of June 8, 1967, acknowledging receipt of said documents by R & R. The aforesaid sequence of events was testified to by both Mr. Rook, President of R & R, and Mr. Gordon Madison, the district manager of Ceco. The signed documents of May 9 and May 18 refer to the general conditions and make the

general conditions part of the contract document. The general conditions are conditions agreed to by R & R and the owner, The Illinois Building Authority. These general conditions had been in effect for quite some time prior to Ceco and R & R entering into any agreement. Therefore, the proper contract documents in the present case are Ceco's contract form 110, the R & R purchase order, and by reference, the general conditions.

The general conditions contain a paragraph which deals with indemnity.

Paragraph 39 of the general conditions at page G-26 requires the contractor to purchase insurance and that such insurance shall "hold the Owner, User, the Project Architect and their agents and representatives harmless and protect them from any claims or liabilities arising from the work and shall hold the Owner, User, the Project Architect, and all other persons having charge of the work, and their agents, employees and representatives, harmless from loss, cost or expense arising from any and every accident happening to any person whomsoever, or damage happening to any property whatsoever, and occasioned directly or indirectly by the operations of the Contractor or by his subcontractors. In the event the insurance does not provide the stated coverage, then the Contractor shall be responsible for such protection."

Paragraph 31 of the Ceco contract form 110 also deals with the question of indemnification between the parties. "Ceco agrees to indemnify the contractor and owner and save them harmless from any and all claims, suits or liabilities for injuries to persons, including death, or from loss of, or damage to the property arising from and growing out of the negligent acts or omissions of Ceco, its officers, agents or employees in the performance of this contract and not contributed to by the negligent acts or omissions of the contractor or owner or their officers, agents or employees. Ceco agrees to indemnify the contractor and owner and save them harmless from any and all claims, suits or liabilities for injuries to Ceco's officers, agents or employees not caused or contributed to by the negligent acts or omissions of contractor, or owners or officers, agents or employees."

The jury found that R & R was guilty of negligence or responsible under the Scaffold Act which act or omission was the cause of the injury to the plaintiff. The question then became one of indemnity under Count I of the third-party complaint. After considering the evidence the trial court found that the contract consisted of the Ceco document, the R & R document and the general conditions and held that paragraph 31 of the Ceco form contract controlled the question of indemnity and ruled in favor of Ceco on Count I of the complaint.

■■ R & R maintains that the contract consisted of their document of May 18, 1967, and the general conditions agreed to by R & R and the Illinois Building Authority. However, Mr. Rook of R & R testified that the May 18 document would not lay out the specifications or details of work or responsibilities or materials that were to be used by the subcontractors. He said further that it would be necessary to refer to the May 9 document to obtain that information. We agree with the trial court that the contract in this case consisted of the documents of May 9 and May 18, as well as the general conditions. This was the intent of the parties as indicated by the factual situation as stated above.

Ceco argues that clauses such as the one contained in paragraph 39 of the general conditions have been outlawed by statute.

Ceco refers to the act concerning indemnification contracts (Ill. Rev. Stat., ch. 29, par. 61—63), which states that all hold-harmless clauses which provide for indemnification for indemnitees for the consequences of their own negligence are against public policy and therefore void. However, the case of *White v. Morris Handler Company*, 7 Ill.App.3d 199, 203, 287 N.E.2d 203, states as follows:

> "Economy's citation to the recently enacted legislation voiding all hold-harmless clauses which provide for indemnification for indemnitees for the consequences of their own negligence, as being contrary to public policy, is unavailing. The legislation specifically states that it has prospective effect only, whereas the instant subcontract was entered into prior thereto, but prior to the enactment of that legislation hold-harmless clauses providing for indemnification of indemnitees against their own negligence were specifically upheld by the courts of this State. (Cf. *DeTienne v. S. N. Nielsen Co.*, 45 Ill.App.2d 231, 195 N.E.2d 240; see also Ill. Rev. Stat. 1971, ch. 29, pars. 61—63."

Thus that statute is not applicable to the case at bar because the contract was entered into in 1967 and the injury occurred in 1968, prior to the enactment of the legislation cited by Ceco.

■ We must take note of the fact that public policy of the State at the time this contract was entered into did not favor agreements indemnifying one against his own negligence and such agreements have been upheld only when the clear and explicit language of the agreement so required. *Patent Scaffolding Co. v. Standard Oil Co.* (1966), 68 Ill.App. 2d 29, 215 N.E.2d 1.

■■ We must seek to ascertain the intention of the parties as revealed by an examination of the entire contract. (*Gay v. S. N. Nielsen Company*, 18 Ill.App.2d 368, 152 N.E.2d 468.) In the case of *De Tienne*

*v. S. N. Nielsen Company,* 45 Ill.App.2d 231, 195 N.E.2d 240, the court stated:

> " 'A contract is to be construed as a whole, given meaning and effect to every provision and word, if possible, since it will be presumed that everything in the contract was inserted deliberately and for a purpose * * *.' "

■■ R & R maintains that paragraph 5 of the contract purchase order governs. R & R would have us ignore paragraph 31 of the Ceco form contract 110. However we must consider the entire document and we cannot consider some clauses and ignore others. For this reason we cannot say that either of these two paragraphs control the agreement. Paragraph 31 of the Ceco form 110 conflicts with paragraph 39 of the general conditions. We consider this to be an ambiguity. Where an ambiguity does exist, the court will construe the contract most strictly against the party seeking indemnity for his own negligence. *Westinghouse Electric Elevator Company v. LaSalle Monroe Building Corporation,* 395 Ill. 429, 70 N.E.2d 604 (1946), *Jeschke v. Mercury Builders, Inc.,* 122 Ill.App.2d 461, 259 N.E.2d 342.

■■ We conclude that the total agreement before us does not clearly indicate the mutual intent of both parties. Therefore it cannot be said that the language of the agreement indicates that both parties clearly and explicitly intended that Ceco indemnify R & R for R & R's own negligence. (*Patent Scaffolding Co. v. Standard Oil Co., supra.*) Also the agreement is ambiguous and requires that the agreement be strictly construed against R & R. *Westinghouse Electric Elevator Company v. LaSalle Monroe Building Corporation, supra.*

For these reasons we conclude that the trial court correctly ruled in favor of Ceco on Count I of the third-party complaint.

We therefore affirm the decision of the Circuit Court of Madison County.

G. MORAN, P. J., and CARTER, J., concur.