DAVID K. KEAWE and REGINA J. KEAWE, Plaintiffs, and AHEE CONTRACTING COMPANY and PACIFIC INSURANCE COMPANY, LIMITED, Plaintiff-Intervenors-Appellees, *v.* HAWAIIAN ELECTRIC CO., INC., Defendant-Appellant

NO. 7374

(CIVIL NO. 39648)

AUGUST 31, 1982

RICHARDSON, C.J., LUM, NAKAMURA, JJ.,
RETIRED JUSTICES OGATA AND MENOR,
ASSIGNED TEMPORARILY

OPINION OF THE COURT BY OGATA, J.

This is an appeal brought by Defendant-Appellant, Hawaiian Electric Co., Inc. (hereinafter "HECO"), from orders, entered by the Circuit Court of the First Circuit, dismissing its suit for indemnifica-

tion and further denying leave to amend its complaint, in favor of Plaintiffs-Intervenors-Appellees, Ahee Contracting Co. (hereinafter "Ahee") and Pacific Insurance Co., Ltd. (hereinafter "Pacific Insurance"). For the reasons set out below, we affirm.

## I.

This appeal arises out of a dispute between, HECO, on the one hand, and Ahee and its insurer, Pacific Insurance, on the other, concerning HECO's right to indemnification, on contractual grounds, for amounts paid by it in settlement in a personal injury suit.

On July 1, 1965, HECO and Ahee entered into a service contract which basically provided for the retention of Ahee, by HECO, to perform any contracting work that may be required. This contract, in addition to setting forth the necessary terms of employment, contained certain provisions attempting to limit HECO's liability for damages, both personal and to property, arising out of work done by Ahee under the contract; specifically, a "hold harmless clause"[1] and an insurance clause dealing with the acquiring of liability and worker's compensation insurance.[2]

Pursuant to this contract, in February, 1972, HECO engaged Ahee to do certain contracting work concerning the replacement of utility poles. During the performance of this project, an Ahee employee, the plaintiff, David Keawe (hereinafter "Keawe"), was seri-

---

[1] The "hold harmless clause" appearing in the 1965 HECO-Ahee contract provided:

The Contractor [Ahee] shall protect, defend, save harmless and indemnify the Company [HECO], its employees and the public from claims, demands or expenses on account of any injury alleged or real to person or persons or damage alleged or real to property arising out of anything done or omitted to be done under this Contract by the Contractor [Ahee] or any subcontractor or anyone directly employed by either of them.

[2] The insurance provision contained in the contract, essentially, required Ahee to obtain worker's compensation and public liability insurance, covering all work done for HECO, to "protect the Company [HECO] against all liability and property damage claims resulting from the work of the Contractor [Ahee]."

Pursuant to this charge, Ahee obtained both liability and worker's compensation insurance coverage from Pacific Insurance covering the period from October 1, 1971 to October 1, 1972.

ously injured.[3]

Thereafter on June 25, 1973, Keawe and his wife brought suit against HECO for damages arising out of his injuries. Ahee and Pacific Insurance intervened in this suit in order to establish a worker's compensation lien on any judgment or settlement that Keawe might recover.

On October 3, 1974, approximately three weeks prior to the scheduled trial date of Keawe's suit, HECO, in turn, filed a complaint against Ahee and Pacific Insurance for indemnification in accordance with the provisions of the HECO-Ahee contract.

Subsequently, in December, 1975, the Keawes settled their claims against HECO. However, HECO continued to pursue its action for indemnity, seeking the amount of the settlement paid to Keawe.

On December 20, 1978, Ahee and Pacific Insurance filed a motion to dismiss HECO's complaint, arguing that the "hold harmless clause" did not, as a matter of law, require indemnification for HECO's own negligence.

On February 14, 1979, the lower court granted the motion to dismiss.[4] Consequently, on that same day, HECO moved the court

---

[3] The facts regarding Keawe's accident, as generally uncontroverted by the parties, are as follows:

On February 8, 1972, pursuant to the 1965 HECO-Ahee contract, Ahee was engaged to dig holes for the replacement of several damaged utility poles in Lualualei, Oahu. Due to the damage of these poles, the electrical wires supported between them were slack, clearing the ground by approximately ten to thirteen feet.

Keawe was one of the men assigned to do the actual digging of the holes. As he walked toward the work site, he carried on his shoulder a metal digging implement, approximately eleven feet in length. Apparently, this implement contacted with the low hanging wires, which had not been de-energized, causing Keawe considerable injuries.

[4] As a preliminary matter, the parties here agree that, although the lower court's order dismissing HECO's complaint is termed an "Order Granting Motion to Dismiss Complaint," on a motion brought pursuant to Rule 12 of the Hawaii Rules of Civil Procedure (hereinafter "H.R.C.P."), it is in actuality an order granting a motion for summary judgment under H.R.C.P. Rule 56. From a review of the record, we agree with this assertion of the parties. Hence, for purposes of this appeal, in determining the propriety of the lower court's action with regard to the motion to dismiss, the standard is whether any genuine issue as to a material fact had been raised and whether the appellees here, had been entitled to summary judgment as a matter of law. H.R.C.P. Rule 56; Towse v. State, 64 Haw. 624, 647 P.2d 696 (1982).

for leave to amend its complaint. This motion was denied by the court on March 8, 1979.

On March 15, 1979, HECO noticed this appeal from the orders of the circuit court.

HECO here assigns as error the granting of summary judgment, as we have so designated the dismissal of the complaint, in favor of Ahee and Pacific Insurance, and the denying of leave to HECO to amend its complaint.

## II.

We first address HECO's contention that the trial court's grant of summary judgment had been improper.

In its complaint, HECO alleged that the "hold harmless clause" contained in its contract with Ahee, required indemnification by Ahee, and consequently, Pacific Insurance, as its insurer, for any loss incurred under the Keawe suit.

Pursuant to Ahee and Pacific Insurance's motion to dismiss, the trial court, in an oral grant of the motion, found that as a matter of law, Ahee, hence Pacific Insurance, was not liable under the contract. The court reasoned that, although the relative negligence of the parties had not been judicially determined, regardless of which party had been negligent, HECO could not be indemnified. The court stated that had HECO been adjudged negligent, and thereby proximately causing Keawe's injury, indemnification of HECO, the wrongdoer, would be against public policy and therefore disallowed. Further, had Ahee been found negligent, the "exclusive liability provision" embodied in HRS § 386-5 (1976), would limit any remedy sought against Ahee, including HECO's indemnity claim.

HECO argues, initially, that these reasons advanced by the trial court were erroneous in light of our decision in *Kamali v. Hawaiian Electric Co.*, 54 Haw. 153, 504 P.2d 861 (1972). We must agree.

Our decision in *Kamali*, dealt, in part, with the issue of whether the "exclusive liability provision" of HRS § 386-5, the provision here in question, precluded a third party claim for indemnification from the employer of an injured party. We concluded that it did not.

There, Tanji, the employer, had been engaged in moving a house down Hekaha Street in Honolulu. In order to execute this task, Tanji was required, by municipal regulation, to obtain a "Joint

Pole permit." The purpose of obtaining the permit was to ensure the safe movement of the house; free from dangers of such obstructions as overanging utility wires. Tanji subsequently acquired the permit, in which, by the language of the permit, it agreed:

> For which service I/we [Tanji] agree(s) to pay all charges made by the respective Companies indicated [Hawaiian Telephone Company and Hawaiian Electric] and to assume full responsibility for any damages to any of the above utility's property and/or life in connection with our operation under this permit.

Thereafter, during the actual moving of the house, the plaintiff, Kamali, an employee of Tanji, was severely injured when he touched low hanging electrical wires belonging to the defendant-third party complainant, Hawaiian Electric. Consequently, Kamali brought suit against Hawaiian Electric, which in turn, brought a third party complaint against Tanji for indemnification or contribution.

The trial court found that the "Joint Pole permit" did not constitute an indemnity contract as a matter of law, hence Tanji was not liable under its terms. Subsequently, the jury ultimately found Hawaiian Electric negligent, and awarded judgment in Kamali's favor.

HRS § 386-5 (1976), incorporated into our worker's compensation scheme, reads:

> § 386-5 *Exclusiveness of right to compensation.* The rights and remedies herein granted to an employee or his dependents on account of a work injury suffered by him shall exclude all other liability of the employer to the employee, his legal representative, spouse, dependents, next of kin, or anyone else entitled to recover damages from the employer, at common law or otherwise, on account of the injury.

In *Kamali*, we determined, on appeal, that while this provision precluded actions for contribution by a third party tortfeasor against an employer, *see also Pacheco v. Hilo Electric Light Co.*, 55 Haw. 375, 520 P.2d 62 (1974), it did not prohibit actions against an employer based on indemnity. We reasoned that, unlike an action based on contribution, an action for indemnification did not arise "on account" of the employee's injury. Rather, "[a] third party claim for indemnity is not based on the employee's injury but is for reimbursement based upon contract or some other independent duty existing between indemnitor and indemnitee." *Kamali v. Hawaiian*

*Electric Co., supra* at 159, 504 P.2d at 865. However, we cautioned, that although a third party is entitled to sue an employer covered by Hawaii's Worker's Compensation laws for indemnity based on a breach of some independent duty, "contacts of indemnity are [to be] strictly construed, particularly where the indemnitee claims that it should be held safe from its own negligence." *Id.* at 161, 504 P.2d 866. Hence, we concluded that the "Joint Pole permit" did not amount, as a matter of law, "to a clear and unequivocal assumption of liability by Tanji for Hawaiian Electric's negligence. *Id.* at 162, 504 P.2d at 866.

*Kamali* makes clear then, that HRS § 386-5 (1976) does not preclude *per se,* HECO's indemnity claim against Ahee. The trial court in so reasoning is therefore patently in error. Further, implicit in *Kamali,* is the view that even where a third party is found negligent, he can be indemnified by the employer provided there has been a "clear and unequivocal" assumption of liability. We do not find this view, under the circumstances governing this case, to be against public policy.[5]

Notwithstanding what we have perceived to be erroneous reasoning on the part of the trial court in support of its granting of the motion, we are hesitant to reverse on that ground for "we have repeatedly held that where the trial court has reached a correct conclusion, its decision will not be disturbed on the ground that the reasons it gave for its action were erroneous." *Federal Electric Corp. v. Fasi,* 56 Haw. 57, 64, 527 P.2d 1284, 1289-90, *reh. den.* 56 Haw. 706 (1974).

Consequently, we must next decide whether the trial court could fairly conclude, in the absence of a judicial determination as to the negligence of the parties, that the "hold harmless clause" did not

---

[5] Ahee and Pacific Insurance make much of the fact that HRS § 431-453 (1976), dealing with the invalidity of certain indemnity agreements in the construction industry as being contrary to public policy, appears to require the avoidance of the agreement here in question. However, as HECO correctly points out, HRS § 431-453 (1976) expresses the legislature's view only to contracts entered into after the provision's effective date, June 29, 1970. It is not disputed that the HECO-Ahee contract had been conceived in 1965, prior to the applicability of the statute. Hence, on this basis, and finding the argument advanced unpersuasive we find the 1965 HECO-Ahee agreement not void as against public policy. *See* Linkowski v. General Tire & Rubber Co., 53 Ohio App.2d 56, 371 N.E.2d 553 (1977).

support HECO's claim for indemnity as a matter of law.

At the outset, we initially conclude that the standard enunciated in *Kamali v. Hawaiian Electric Co., supra,* is applicable to the case at bar. We recognize that while settlement of an individual negligence claim is not tantmount to an adjudication on the merits, it does serve to extinguish the rights of one party towards the other.

Here, we note that Keawe's suit against HECO was termed in language going strictly to HECO's responsibility for the accident. Keawe did not seek redress from HECO on any third party liability theory. As such we require that in order for the "hold harmless clause" to effectively bind Ahee and Pacific Insurance for the amount of settlement paid by HECO to Keawe, the language of the clause must state in terms "clear and unequivocal" the responsibility of Ahee for all claims resulting from the acts or omissions by HECO.

From a reading of the clause, we cannot conclude that there is reflected the specificity required.

We find that far from indemnifying HECO for all claims and liabilities arising from either party's negligence, the clause appears to address only those instances where Ahee alone is responsible.

As such we conclude that the trial court's granting of summary judgment was proper.

### III.

We turn now to HECO's second assignment of error, that the trial court erred in denying leave to amend its complaint[6] following the trial court's granting of the motion to dismiss.

Rule 15 of the Hawaii Rules of Civil Procedure (hereinafter "H.R.C.P.") permits a party to amend its pleading by leave of court

---

[6] According to HECO's motion for leave to amend, HECO sought to "delete certain matters from the original complaint that are now moot, clarify that HECO seeks indemnification for the settlement made to plaintiffs since the original complaint was filed, and add further claims for indemnity from Ahee and Pacific due to their breach of independent duties toward HECO." Specifically, in its proposed amended complaint, HECO advanced claims of indemnity based on a breach of a contractual duty by Ahee to provide workmanlike services, Ahee's duty to provide public liability insurance to protect HECO, an implied obligation to indemnify based on the contractual relationship between HECO and Ahee, and Ahee's relative negligence in causing the accident.

and requires that leave be freely given when justice so requires. *See Bishop Trust Co. v. Kamokila Dev. Corp.*, 57 Haw. 330, 555 P.2d 1193 (1976). As we have oftentimes stated:

> In the absence of any apparent or declared reason — such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. — the leave sought should, as the rules require, be "freely given."

*Id.* at 337, 555 P.2d at 1198, quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962). However, "[t]he grant or denial of leave to amend under Rule 15(a) is within the discretion of the trial court and is subject to reversal on appeal only for an abuse of discretion." *Bishop Trust Co. v. Kamokila Dev. Corp, supra* at 337, 555 P.2d at 1198.

Consequently, having reviewed the record before us, we find that the trial court did not abuse its discretion denying HECO leave to amend its complaint.

We note that HECO's original complaint, alleging indemnity solely by way of the "hold harmless clause," was filed on October 3, 1974. Apparently, HECO had made a conscious choice as to the exclusiveness of its claim though fully cognizant of other grounds for remedy, i.e. other independent duties owed by Ahee which could possibly require indemnification. Yet HECO chose to wait approximately four years, after disposition of its suit by the grant of a motion to dismiss, to seek remedy on those collateral grounds.

Moreover, HECO has completely failed to advance adequate justification for failure to amend its complaint earlier in the proceedings, thereby lessening any resulting prejudice to Ahee and Pacific Insurance. As it now stands, Ahee and Pacific Insurance would suffer substantial prejudice were HECO allowed to proceed in this manner on theories it should have more prudently brought prior to disposition by the trial court.

As such, we believe that HECO's failure to advance an adequate justification coupled with the likelihood of resulting prejudice to Ahee and Pacific Insurance provide ample reason for the denial of the motion for leave to amend by the trial court. Hence we find no abuse of discretion in this instance.

Accordingly, as we find the issues presented for reversal to be

without merit, the orders of the circuit court granting the motion to dismiss and denying leave to amend the complaint, are hereby affirmed.

*Richard E. Stifel (Goodsill, Anderson & Quinn,* of counsel) for defendant-appellant.

*Craig Furusho (Libkuman, Ventura, Moon & Ayabe,* of counsel) for plaintiffs-intervenors-appellees.