2010 ND 173

## In the Matter of the ADOPTION OF S.M.G.

**L.G., Petitioner and Appellant**

v.

**North Dakota Department of Human Services, J.P., Respondents**

and

**J.D., Respondent and Appellee.**

### No. 20100049.

Supreme Court of North Dakota.

Sept. 3, 2010.

Richard B. Baer, Bismarck, N.D., for petitioner and appellant.

Mark T. Blumer, Valley City, N.D., for respondent and appellee.

MARING, Justice.

[¶ 1] L.G. appeals a trial court's order denying her petition to adopt S.M.G. Because the trial court did not make sufficient findings of fact, we reverse and remand.

I

[¶ 2] In December 2008, L.G. petitioned to adopt her grandson, S.M.G. The petition did not address the termination of parental rights. S.M.G. had been in L.G.'s custody since September 2008. L.G. has adopted S.M.G.'s older sister. J.D., S.M.G.'s biological mother, opposed the adoption of S.M.G. by his grandmother, L.G.

[¶ 3] The trial court held a hearing in December 2009. The trial court denied the petition on the grounds the evidence did not support a finding that J.D.'s parental rights should be terminated. The trial court found:

> [W]hile [J.D.] has made bad choices which have resulted in providing poor care for her child and incarceration, the evidence does not support a finding that her rights should be terminated.
>
> I am not able to find the conditions and causes of the poor parenting by [J.D.] are likely to continue. Nor can I find the type of abandonment which would warrant termination of parental rights.

[¶ 4] On appeal, L.G. argues the trial court's order denying her petition for adoption was clearly erroneous; the trial court abused its discretion by denying the adoption; and the trial court failed to follow N.D.R.Civ.P. 52(a).

## II

[¶ 5] Under N.D.C.C. ch. 14–15, the biological parent's rights must be severed before a petitioner can adopt the child. *Adoption of S.R.F.*, 2004 ND 150, ¶ 6, 683 N.W.2d 913. Generally, parental consent is required for an adoption. N.D.C.C. § 14–15–05. However, N.D.C.C. § 14–15–06(1) provides exceptions:

1. Consent to adoption is not required of:

   a. A parent who has deserted a child without affording means of identification or who has abandoned a child.

   b. A parent of a child in the custody of another, if the parent for a period of at least one year has failed significantly without justifiable cause:

     (1) To communicate with the child; or

     (2) To provide for the care and support of the child as required by law or judicial decree.

A parent's parental rights, including the right to withhold consent to an adoption, may be terminated in certain circumstances under N.D.C.C. § 14–15–19(3), which provides:

[T]he relationship of parent and child may be terminated by a court order issued in connection with an adoption action under [N.D.C.C. ch. 14–15] on any ground provided by other law for termination of the relationship, and in any event on the ground:

   a. That the minor has been abandoned by the parent;

   b. That by reason of the misconduct, faults, or habits of the parent or the repeated and continuous neglect or refusal of the parent, the minor is without proper parental care and control, or subsistence, education, or other care or control necessary for the minor's physical, mental, or emotional health or morals, or, by reason of physical or mental incapacity the parent is unable to provide necessary parental care for the minor, and the court finds that the conditions and causes of the behavior, neglect, or incapacity are irremediable or will not be remedied by the parent, and that by reason thereof the minor is suffering or probably will suffer serious physical, mental, moral, or emotional harm; or

   c. That in the case of a parent not having custody of a minor, the noncustodial parent's consent is being unreasonably withheld contrary to the best interest of the minor.

A party seeking termination of parental rights in an adoption proceeding must prove the elements necessary to support termination by clear and convincing evidence. *Adoption of H.R.W.*, 2004 ND 216, ¶ 4, 689 N.W.2d 403.

[¶ 6] When reviewing the termination of parental rights in light of an adoption case, this Court has stated:

Clear and convincing evidence is evidence that leads to a firm belief or conviction the allegations are true. Whether a child has been abandoned is a question of fact, and a finding of fact will not be reversed on appeal unless it is clearly erroneous. A finding of fact is clearly erroneous if there is no evidence to support it, or if there is some supporting evidence, this Court is left with a definite and firm conviction a mistake has been made.

*Adoption of H.G.C.*, 2009 ND 19, ¶ 10, 761 N.W.2d 565 (citations omitted). Rule 52(a), N.D.R.Civ.P., outlines the requirements for the trial court's findings in civil actions tried without a jury:

[F]ind the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment.... It will be sufficient if the findings of fact and conclusions of law are stated orally and recorded in open court following the close of the evidence or appear in an opinion or memorandum of decision filed by the court.

Here, the trial court only made the following findings:

[W]hile [J.D.] has made bad choices which have resulted in providing poor care for her child and incarceration, the evidence does not support a finding that her rights should be terminated.

I am not able to find the conditions and causes of the poor parenting by [J.D.] are likely to continue. Nor can I find the type of abandonment which would warrant termination of parental rights.

When reviewing a trial court's findings of fact, this Court has explained:

"Conclusory, general findings do not comply with N.D.R.Civ.P. 52(a), and a finding of fact that merely states a party has failed in or has sustained its burden of proof is inadequate under the rule. The court must specifically state the facts upon which its ultimate conclusion is based on. The purpose of the rule is to provide the appellate court with an understanding of the factual issues and the basis of the district court's decision. Because this Court defers to a district court's choice between two permissible views of the evidence and the district court decides issues of credibility, detailed findings are particularly important when there is conflicting or disputed evidence. This Court cannot review a district court's decision when the court does not provide any indication of the evidentiary and theoretical basis for its decision because we are left to speculate what evidence was considered and whether the law was properly applied. The court errs as a matter of law when it does not make the required findings."

*In re Midgett*, 2009 ND 106, ¶ 8, 766 N.W.2d 717 (quoting *Matter of R.A.S.*, 2008 ND 185, ¶ 8, 756 N.W.2d 771). To determine whether the trial court's findings are clearly erroneous, we must understand the factual issues and the basis for the findings, and we cannot in this order. *Id.* at ¶ 9. We are unable to review this decision because we are left to speculate what evidence was considered and whether the law was properly applied. We conclude that the trial court did not comply with N.D.R.Civ.P. 52(a), and its findings are inadequate to permit appellate review. Therefore, we reverse and remand for sufficient findings. Because we are reversing and remanding, we do not address L.G.'s other arguments.

[¶ 7] We note, however, that we are unable to determine the current status of the child. Under N.D.C.C. § 14–15–13(5), if the trial court does not grant the adoption, "the court shall dismiss the petition and determine the individual to have custody of the minor, including the petitioners if in the best interest of the minor." In its order, the trial court stated:

I am aware that Social Services placed the child with his grandmother and terminated the placement with the intention that he would live with his grandmother and would ultimately be adopted by her. Since I am not granting the petition, a guardianship may be considered as a means of providing for the child. It may be that, at a later time, the evidence would be such that an adoption would be granted.

The trial court should have determined the individual to have custody of the child. After reviewing the record, we are unsure whether there is an order in place that has determined the custody of the child.

Therefore, on remand, we instruct the trial court to determine who will have custody of the child.

### III

[¶ 8] We conclude the trial court did not make sufficient findings of fact for proper review by this Court. We reverse the trial court's order and remand for sufficient findings on the petition and a determination on the custody of the child.

[¶ 9] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, J., and EVERETT NELS OLSON, S.J., concur.

[¶ 10] The Honorable EVERETT NELS OLSON, S.J., sitting in place of SANDSTROM, J., disqualified.

KAPSNER, Justice, dissenting.

[¶ 11] I respectfully dissent. I would affirm the trial court's denial of the petition for adoption.

[¶ 12] Although the trial court did note that it was unable to find abandonment, it is evident that the trial court was struggling with a matter that was procedurally so deficient that granting an adoption would have been error because, under the circumstances, the court could not terminate parental rights.

[¶ 13] As noted in the Order of the court:

> The petition filed in this matter does not specifically request termination of parental rights, however, it is clear that parental rights would have to be terminated before the Court could grant the adoption and Ms. Doll was provided with a court-appointed attorney because of the possibility her parental rights would be terminated.

[¶ 14] The trial court attempted to alert counsel to the deficiencies:

> THE COURT: I am kind of wondering as you look at your petition, you have not asked for termination of parental rights. And I'm wondering, I just—I am looking at the statutes and trying to figure out what it is you are wanting me to do in terms of the statute.
>
> There are provisions in the adoption law that indicate that consent is not required from a parent if the parent has been—consent to adoption is not required of a parent in the custody of another if the parent for a period of at least one year has failed significantly without justifiable cause to communicate with the child or to provide for the care and support of the child as required by law or judicial decree.
>
> Another provision under that section is: Consent is not required of a parent of a minor if failure of the parent to consent is excused by the Court in the best interest of the child by reason of the parent's prolonged unexplained absence, unavailability, incapacity or significant failure without justifiable cause to establish a substantial relationship with the minor, or to manifest a significant parental interest in the minor, or by reason of inability of the Court to identify the parent.
>
> I'm not sure what statutory provision, what it is that you are asking the Court to do.
>
> MR. BAER: Well, I know there were two separate statutes here and they have different—as I understand it, they've got different requirements. But what I was asking for is—well, I guess one decides the other. If there is an adoption, then there is a termination.
>
> THE COURT: No. No.
>
> MR. BAER: I'm asking for both actually.
>
> THE COURT: You didn't ask for relinquishment or termination of the par-

ent/child relationship in your petition or anywhere in any of the documents I saw.

MR. BAER: Well, then we would amend it to do that, because I—I just assumed they go hand—one goes with the other and there would be a termination, because there were two different statutes, which the supreme court has addressed, that have different requirements for them, is the way I understood it.

THE COURT: Mr. Dyer, is there anything you wanted to say with regard—I'm just trying to figure out the statutes and what it is that—

MR. DYER: Well, I understand that, you know, there wasn't any specific—that if consent is not given, then termination, I understand, has to be in compliance with the statutory provisions the Court—

THE COURT: Well, there are—there is. Okay. There are people who have to consent..

MR. DYER: Yes.

THE COURT: And if they don't consent, then you have a hearing. And there are people from whom no consent is required, and that includes some categories of parents. I—maybe the two of you should be writing something for me on this, because I think that's kind of a key to any decision I would be making here. What provisions am I going under, what—I don't imagine that this will be the end of this case, so I think it would be good to know what the statutory provision is.

[¶ 15]  Further, there is no order terminating the father's rights. Although named in the petition, he was not personally served. He was only served by publication and that publication was of a petition that made no mention of his parental rights being terminated. The fact that this father may not have been required to consent to the termination is separate from the requirement that he be given proper notice of the action to terminate his rights.   N.D.C.C.  §§ 14–15–11;   27–20–45(3).

[¶ 16]  A party seeking to adopt has burdens under the statutes.  They were not met.  Remanding for findings will not cure these problems.  I would affirm the trial court.

[¶ 17]  CAROL RONNING KAPSNER