Filed 12/18/12 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2012 ND 256

In the Interest of J.N., a child 

State of North Dakota, Petitioner and Appellee

v.

J.N., a child, 

L.P., mother, 

B.N., father, Respondents

B.N., father, Appellant

No. 20120389

In the Interest of J.N., a child 

State of North Dakota, Petitioner and Appellee

v.

J.N., a child, 

L.P., mother, 

B.N., father, Respondents

B.N., father, Appellant

No. 20120390

Appeals from the Juvenile Court of Barnes County, Southeast Judicial District, the Honorable John T. Paulson, Judge.

REVERSED AND REMANDED.

Opinion of the Court by Crothers, Justice.

Lee M. Grossman, Assistant State’s Attorney, 230 4th Street NW, Room 301, Valley City, N.D. 58072, for petitioner and appellee.

Jay D. Knudson, 405 Bruce Avenue, Suite 101, Grand Forks, N.D. 58201, for appellant.

Interest of J.N.

Nos. 20120389 & 20120390

Crothers, Justice.

[¶1] B.N. appeals from juvenile court orders terminating his parental rights to J.N. and J.N.  We reverse and remand, concluding the juvenile court failed to make a required finding of fact and the court’s findings did not adequately explain the basis for its decision.

I

[¶2] B.N. is the father and L.P. is the mother of J.N. and J.N.  The parents and children lived together in Georgia.  B.N. and L.P. were not married and eventually split up.  L.P. and the children moved to North Dakota.  B.N. subsequently married and has two children with his wife.  

[¶3] L.P. had substance abuse problems and had difficulty maintaining employment and a safe residence for herself and the children.  On July 29, 2010, Barnes County Social Services  removed the children from L.P.’s care and placed them in foster care.  Attempts were made to reunite the children with L.P., and in July 2011 it appeared she would get the children back.  L.P.’s situation deteriorated, and in December 2011, the State petitioned to terminate the parental rights of L.P. and B.N.  The children were two and four years old at the time of the petition for termination.

[¶4] When L.P. regressed after July 2011, Barnes County Social Services attempted to reunite the children with B.N.  After the petition for termination was filed, B.N. moved his family to North Dakota, began visiting J.N. and J.N. and underwent psychological and substance abuse evaluations.

[¶5] Following an August 2012 evidentiary hearing, the juvenile court found the children came within the provisions of the Uniform Juvenile Court Act and reasonable efforts had been made to reunite the children with L.P. and B.N.  The court also found the State met the criteria for termination of parental rights of the parents and ordered termination of the parental rights of L.P. and B.N.

II

A

[¶6] The State contends that termination of B.N.’s parental rights was appropriate under either subsection (1) or (2) of N.D.C.C. § 27-20-44(1)(c), which provide:

“1. The court by order may terminate the parental rights of a parent with respect to the parent’s child if:

. . . .

c. The child is a deprived child and the court finds:

(1) The conditions and causes of the deprivation are likely to continue or will not be remedied and that by reason thereof the child is suffering or will probably suffer serious physical, mental, moral, or emotional harm; or

(2) The child has been in foster care, in the care, custody, and control of the department, or a county social service board . . . for at least four hundred fifty out of the previous six hundred sixty nights.”

Under these provisions, termination may be ordered if (1) the child is deprived and the deprivation is likely to continue or (2) the child is deprived and has been in foster care for 450 of the previous 660 nights.  Under either subsection, a finding of deprivation is necessary to termination of parental rights. 

[¶7] The juvenile court here issued a memorandum opinion and separate findings of fact incorporating the memorandum opinion.  No findings were made in either the memorandum opinion or the findings of fact that J.N. and J.N. are deprived.  Rather, the court made only general, conclusory statements such as “[t]he court finds by clear and convincing evidence that the child comes within the provisions of the Uniform Juvenile Court Act, N.D.C.C. ch. 27-20,” and “[t]he criteria for termination of parental rights for both parents, as defined in N.D.C.C. §§ 27-20-20.1 and 27-20-44, have been met by the State.” 

[¶8] Conclusory, general findings of fact do not comply with N.D.R.Civ.P. 52(a) that findings be stated with sufficient specificity to assist an appellate court’s review and to afford a clear understanding of the trial court’s decision.  A finding “that merely states a party has failed in or has sustained its burden of proof is inadequate under the rule.”  
In re Vondal
, 2011 ND 59, ¶ 8, 795 N.W.2d 343 (quotation omitted); 
Rothberg v. Rothberg
, 2006 ND 65, ¶ 14, 711 N.W.2d 219.  A specific finding of deprivation is a necessary prerequisite to termination of parental rights under either subsection (1) or (2) of N.D.C.C. § 27-20-44(1)(c).  A court errs as a matter of law when it fails to make a required finding of fact.  
In re Midgett
, 2009 ND 106, ¶ 8, 766 N.W.2d 717; 
In re R.A.S.
, 2008 ND 185, ¶ 8, 756 N.W.2d 771; 
L.C.V. v. D.E.G.
, 2005 ND 180, ¶ 11, 705 N.W.2d 257.

[¶9] At oral argument, the State suggested the juvenile court found J.N. and J.N. were deprived in July 2010 when they were originally removed from L.P.’s home and that finding of deprivation is sufficient to support termination of B.N.’s parental rights under N.D.C.C. § 27-20-44(1)(c)(1) or (2).  The statute, however, requires proof that “[t]he child is a deprived child,” not that the child has been deprived.  N.D.C.C. § 27-

20-44(1)(c).  This Court has held a juvenile court’s original finding of deprivation when temporarily removing a child from the parent’s custody is not res judicata when termination of parental rights is subsequently sought.  
See
 
In re R.H.
, 262 N.W.2d 719, 723 (N.D. 1978).  The Court also has recognized that conditions causing the deprivation may change after the child has been removed from the parent’s custody and that the deprivation may have abated or terminated by the time the petition to terminate parental rights is heard.  
See
 
In re B.M.
, 335 N.W.2d 321, 323 (N.D. 1983).  The juvenile court’s finding in July 2010 that the children were deprived at that time did not satisfy the State’s burden to establish the children were deprived at the time of the hearing on the petition for termination in August 2012.

[¶10] The juvenile court was required to find J.N. and J.N. were deprived before terminating B.N.’s parental rights under N.D.C.C. § 27-20-44(1)(c), and its failure to make a required finding was error as a matter of law.

B

[¶11] In addition to failing to find deprivation, the juvenile court failed to clarify which subsection of N.D.C.C. § 27-20-44 was relied on to terminate B.N.’s parental rights.  The court did not specify whether it based its decision to terminate parental rights on continuing deprivation or on the number of nights the children had spent in foster care; rather, the court merely stated that “[t]he criteria for termination of parental rights for both parents, as defined in N.D.C.C. §§ 27-20-20.1 and 27-20-44, have been met by the State.”  

[¶12] “Under N.D.R.Civ.P. 52(a)(1), in an action tried on the facts without a jury, the court must find the facts specially and state its conclusions of law separately.”  
In re Estate of Wicklund
, 2012 ND 29, ¶ 22, 812 N.W.2d 359.  The court must make findings of fact and conclusions of law which provide sufficient specificity to enable a reviewing court to understand the factual determinations made by the trial court and the basis for its conclusions of law and decision.  
Id.
; 
In re K.B.
, 2011 ND 152, ¶ 8, 801 N.W.2d 416.  The court’s “‘findings of fact . . . should be stated with sufficient specificity to assist the appellate court’s review and to afford a clear understanding’ of the court’s decision.”  
Niska v. Falconer
, 2012 ND 245, ¶ 10 (quotation omitted); 
Wicklund
, at ¶ 22.  “[W]e cannot properly review a decision if the [trial] court does not provide an explanation of the basis for its decision because we would be left to speculate whether the court properly applied the law.”  
State v. Gress
, 2011 ND 193, ¶ 4, 803 N.W.2d 607; 
see also
 
In re Adoption of S.M.G.
, 2010 ND 173, ¶ 6, 788 N.W.2d 582; 
Ebach v. Ebach
, 2008 ND 187, ¶ 14, 757 N.W.2d 34.

[¶13] Because the juvenile court failed to provide a sufficient explanation for its decision to terminate B.N.’s parental rights to J.N. and J.N., we are unable to properly review the juvenile court’s decision.

III

[¶14] We conclude the juvenile court failed to make a required finding of fact and failed to sufficiently explain the basis for its decision.  We reverse the orders terminating B.N.’s parental rights and remand for the juvenile court to make sufficient findings and to redetermine whether to terminate B.N.’s parental rights.

[¶15] Daniel J. Crothers

Mary Muehlen Maring

Carol Ronning Kapsner

Dale V. Sandstrom

Gerald W. VandeWalle, C.J.