Filed 12/18/12 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2012 ND 259

Specialized Contracting, Inc., a North Dakota corporation, Plaintiff

v.

St. Paul Fire & Marine Ins. Company, 

a foreign insurance company, Defendant and Third-Party Plaintiff

v.

City of Valley City, a municipal corporation, Third-Party Defendant, Third-Party

Plaintiff and Appellee

v.

Geo E. Haggart, Inc., Kadrmas, Lee & Jackson, Inc.,

North Dakota corporations, Third-Party Defendants

Kadrmas, Lee & Jackson, Inc., a North Dakota 

corporation, Appellant

No. 20120195

Appeal from the District Court of Barnes County, Southeast Judicial District, the Honorable Jay A. Schmitz, Judge.

REVERSED AND REMANDED.

Opinion of the Court by Maring, Justice.

Daniel Lee Gaustad, P.O. Box 5758, Grand Forks, N.D. 58206-5758, for third-

party defendant, third-party plaintiff and appellee.

Michael J. Maus, P.O. Box 570, Dickinson, N.D. 58602-0570, for appellant.

Specialized Contracting, Inc. v. St. Paul Fire & Marine Ins.

No. 20120195

Maring, Justice.

[¶1] Kadrmas, Lee & Jackson, Inc., (“KLJ”) appeals from a district court judgment awarding the City of Valley City (“City”) $32,696.63 for costs and expenses the City incurred defending itself in the underlying lawsuit and pursuing its indemnity claim against KLJ.  We conclude KLJ did not have a duty to defend the City in the underlying action under the plain language of the parties’ indemnity agreement.  We reverse and remand.

I

[¶2] The City entered into a contract with KLJ to provide engineering services for a paving and sewer project.  The City hired Geo. E. Haggart, Inc. (“Haggart”), to provide services as a general contractor for the project.  The contract between the City and Haggart required Haggart to furnish all labor, materials, and equipment for the project.  Haggart was required to provide a payment bond under the terms of its contract with the City, and St. Paul Fire & Marine Insurance Company (“St. Paul”) was the surety under the bond.  Specialized Contracting, Inc. (“SCI”), entered into a subcontract with Haggart to complete some of the work on the project. 

[¶3] In 2007, SCI sued St. Paul for breach of its duties under the payment bond, seeking compensation for additional work SCI alleged it completed on the project for which Haggart refused to pay.  SCI alleged it was entitled to additional compensation for the removal and replacement of concrete that KLJ, as the project engineer, rejected because of cracking and inadequate drainage.  In 2009, St. Paul served a third-party complaint against the City for breach of contract and indemnity, alleging the concrete repair work was outside the scope of the City’s contract with Haggart, the City was liable to Haggart for any additional compensation SCI was claiming against Haggart’s payment bond if SCI established KLJ’s decision to replace the concrete was beyond the scope of the contract, and the City was required to indemnify St. Paul for any judgments against it in favor of SCI arising from decisions made by KLJ.  The City filed an answer to St. Paul’s complaint and served a third-

party complaint against Haggart and KLJ, alleging Haggart and KLJ had an obligation to defend and indemnify the City from all allegations and liability arising from SCI and St. Paul’s claims and any damages were the direct and proximate result of Haggart and KLJ’s negligence, malpractice, breach of contract, or breach of warranty.  

[¶4] The City and KLJ moved for summary judgment seeking to be dismissed from the action.  The court denied their motions.  A jury trial was held.  A special verdict form was used and the jury found SCI did not meet its burden of proof.  The district court dismissed SCI’s claims and a judgment was entered.  The court ordered the City’s duty to defend and indemnification claims against Haggart and KLJ were preserved.  

[¶5] The City and KLJ each filed a memorandum on the remaining issues.  After a hearing, the court entered an order identifying the remaining issues to be litigated, including whether KLJ had a duty to defend the City.  The City filed a brief in support of its duty to defend claims, arguing its contract with KLJ included an indemnity provision that required KLJ to defend the City in the underlying action under the language of the agreement and N.D.C.C. § 22-02-07.  

[¶6] After a hearing, the court ordered KLJ to pay the City’s costs and expenses, including attorney’s fees, incurred in defending against SCI and St. Paul’s claims and in pursuing its indemnity claim against KLJ.  The court applied N.D.C.C. § 22-02-

07(4) and concluded KLJ had a statutory duty to defend the City.  The court subsequently entered a judgment, ordering KLJ to pay the City $32,696.63 in costs, expenses, and attorney’s fees.

II

[¶7] KLJ argues the district court erred in concluding it had a duty to defend the City under the indemnity provision in KLJ’s contract with the City, which states:

Indemnification for Professional Services:

[KLJ] agrees to indemnify, save, and hold harmless the [City] from liability, including all costs, expenses, and reasonable attorneys’ fees, which may arise out of or result from [KLJ’s] negligent acts or omissions in rendering professional services under this agreement. [KLJ] shall not be responsible for an amount disproportionate to [KLJ’s] culpability.

[¶8] The district court concluded KLJ had a duty to defend the City against SCI and St. Paul’s claims, KLJ breached that duty, and the City’s costs and expenses were proximately caused by KLJ’s breach of the duty to defend:

The court finds that SCI’s claims, and St. Paul’s cross-claim against the City, were matters embraced by KLJ’s indemnity to the City against liability arising out of KLJ’s professional negligence.  SCI was seeking additional compensation from Haggart and St. Paul on the theory that SCI’s work conformed to the plans and specifications, and therefore any defects were due to errors in KLJ’s plans and specifications and surveying work.  The theory of St. Paul’s cross-

complaint was that if SCI was entitled to more money for its work, it was because of KLJ’s actions as the City’s agent, and hence the City was liable for any monies owed to SCI.  The order denying summary judgment identifies KLJ’s negligence as an issue of fact for the jury, and KLJ’s “fault” is referenced several times in the special verdict form.  The Supreme Court has ruled there is a duty to defend under a professional liability policy “if the allegations in the complaint [against the insured] give rise to potential liability or a possibility of coverage under the insurance policy.”  
Schulte v. Continential Ins. Co.
, 2000 ND 209, ¶ 8, 619 N.W.2d 510, 513.

KLJ contends, correctly, that since the jury found SCI was not entitled to additional compensation, the jury never made a finding that KLJ was negligent.  KLJ is incorrect, however, in asserting that it had no duty to defend the City unless actual negligence was proven, and that the City “is asking the Court to legislate and rule . . . that a clause providing for indemnity if one is negligent requires a duty to defend even if not negligent.”  KLJ is wrong because it steadfastly refuses to acknowledge that the 
legislature
 has legislated that the “person indemnifying is bound, on the request of the person indemnified, to defend actions brought against the latter in respect to matters embraced by the indemnity.”  NDCC § 22-02-07(4).  KLJ’s duty to defend arises from a statutory rule of interpretation applicable to indemnity contracts.

That statutory duty was activated when the demand was made on KLJ to defend the City “in respect to matters embraced by the indemnity” clause of their contract.  KLJ was then required to defend the City “unless a contrary intention appears” in the indemnity clause.  Section 22-02-07.  KLJ asserts the indemnity provision “explicitly states that KLJ is 
only
 obligated to defend in situations when it is negligent”; that assertion is simply wrong as a matter of fact, however, since the “Indemnification for Professional Services” never even mentions a duty to defend.  The indemnity provision 
could have
 explicitly disclaimed KLJ’s statutory duty to defend the City, or limited it to cases where KLJ was actually negligent—but it 
did not
.  The language of the contract governs its interpretation if it is clear and explicit, and does not involve an absurdity.  NDCC § 9-07-02.  It is not absurd—indeed, it is economically rational—for the indemnity contract to require the project engineer to defend its actions and decisions on the City’s behalf, which was merely a passive participant in the dispute over SCI’s work.

. . . .

The Court concludes that KLJ breached its duty to defend the City, and that the City’s costs and expenses in defending SCI’s claims and pursuing indemnity from KLJ after the date of the demand (May 27, 2009), including attorney’s fees, were proximately caused by KLJ’s breach of the duty to defend.

A

[¶9] KLJ argues the issue of its contractual liability to the City was decided by the jury and the district court was precluded from further considering whether KLJ had a duty to defend the City under the doctrine of res judicata.  KLJ claims the issue of contractual liability was submitted to the jury at the City’s request, the City agreed the jury would not have to separately decide whether KLJ was liable if the jury found SCI failed to meet its burden of proving it was entitled to additional compensation, the jury did not find KLJ was liable, and the City cannot ask the court to decide an issue that was submitted to the jury.  KLJ contends the City waived any right to have the issue decided by the court. 

[¶10] In 
Mills v. City of Grand Forks
, this Court explained the doctrine of res judicata:

Res judicata, or claim preclusion, prevents relitigation of claims that were raised, or could have been raised, in prior actions between the same parties or their privies.  Thus, res judicata means a valid, existing final judgment from a court of competent jurisdiction is conclusive with regard to claims raised, or those that could have been raised and determined, as to the parties and their privies in all other actions.  Res judicata applies even if subsequent claims are based upon a different legal theory.

2012 ND 56, ¶ 8, 813 N.W.2d 574 (quoting 
Missouri Breaks, LLC v. Burns
, 2010 ND 221, ¶ 10, 791 N.W.2d 33).

[¶11] In the jury trial, a thirty-one question special verdict form was used and included questions about whether the City met its burden of proof to demonstrate KLJ was liable under its contract with the City and whether the City met its burden of proof to demonstrate KLJ was liable to the City for indemnity.  The jury did not reach these questions because it determined SCI failed to meet its burden of proving it was entitled to additional compensation, and therefore the jury was not required to answer any further questions on the verdict form.  The verdict form did not address whether KLJ had a duty to defend the City.  The court and the parties discussed the duty to defend issue and the jury instructions before the instructions were finalized.  The City requested a special instruction about the duty to defend separate from the special verdict form, there was some discussion about whether the duty to defend issue was a question of law and whether evidence had been presented on the issue, and the court ruled it would not give the City’s requested instruction.  The City objected, stating “we’d reserve the right to present that claim subsequent to the verdict then—or to the trial,” and the court responded, “All right.”  KLJ did not object to the court’s ruling.  Furthermore, in the court’s order to adjudicate the City’s duty to defend claim, the court stated, “The parties have agreed the City’s duty to defend claim is a legal issue for determination by the Court, and the parties shall prepare a briefing schedule for approval by the Court.”  KLJ does not dispute this finding.  We conclude the district court was not precluded from deciding this issue. 

B

[¶12] KLJ argues the district court erred in finding it had a duty to defend the City.  KLJ contends the indemnity provision required a determination of negligence before KLJ was required to defend or reimburse the City.  KLJ argues the court erred in concluding N.D.C.C. § 22-02-07(4) applied and added a duty to defend to the language of the indemnity provision because the contract shows an intention contrary to the statutory provisions and indicates the parties only intended to indemnify if there was a determination that KLJ was negligent. 

[¶13] Construction of a written contract to determine its legal effect is a question of law, which is fully reviewable on appeal.  
Hoge v. Burleigh Cnty. Water Mgmt. Dist.
, 311 N.W.2d 23, 27 (N.D. 1981).  An indemnity contract is interpreted applying the general rules for contract interpretation.  
Id.
  The indemnity provision should be interpreted to give effect to the parties’ mutual intentions if it can be done consistently with legal principles.  
Id.
; 
see also
 N.D.C.C. § 9-07-03.  The parties’ intent is to be ascertained from the writing alone if possible.  
Hoge
, at 27; 
see also
 N.D.C.C. § 9-07-

04.  We consider the indemnity contract as a whole and give effect to every part.  N.D.C.C. § 9-07-06.  “In determining whether or not the trial court erred as a matter of law in its construction of the contract we must be guided first by the language of the contract itself, and where the contract is clear and unambiguous there is no reason to go further.”  
Hoge
, at 27.  We give words in a contract their plain, ordinary, and commonly understood meaning unless they are used by the parties in a technical sense or a special meaning is given to them by usage.  N.D.C.C. § 9-07-09.

[¶14] An indemnity is “a contract by which one engages to save another from a legal consequence of the conduct of one of the parties or of some other person.”  N.D.C.C. § 22-02-01.  “‘Indemnification is a remedy which allows a party to recover reimbursement from another for the discharge of a liability which, as between them, should have been discharged by the other.’”  
Olander Contracting Co. v. Gail Wachter Inv.
, 2002 ND 65, ¶ 15, 643 N.W.2d 29 (quoting 
Mann v. Zabolotny
, 2000 ND 160, ¶ 7, 615 N.W.2d 526).  We have recognized that “indemnity is an equitable doctrine, which is not amenable to hard and fast rules.”  
Mann
, at ¶ 7. 

[¶15] Both the district court and KLJ cited case law interpreting indemnity provisions in insurance policies.  However, although the language of non-insurance contractual indemnity provisions is similar to indemnity provisions in insurance policies, the language is interpreted differently.  Insurance policies are strictly interpreted against the insurer, who is the indemnitor, because insurance policies are adhesion contracts, the insurance company drafts the policy and has greater bargaining power, the insurance company receives a premium for protecting the insured against liability, and an insurance company’s duty to defend is one of the main purposes of an insurance contract.  
See, e.g.
, 
Crawford v. Weather Shield Mfg. Inc.
, 187 P.3d 424, 430 (Cal. 2008); 
Tateosian v. State
, 945 A.2d 833, 838 (Vt. 2007) (in a non-insurance indemnity agreement the duty to defend and indemnify is incidental to the main purpose of the agreement, unlike an insurance contract).  Unlike insurance policies, ambiguities in non-insurance indemnity provisions are strictly construed against the entity receiving indemnity.  
See, e.g.
, 41 Am. Jur. 2d 
Indemnity
 § 14 (2012); 
Chevron U.S.A., Inc. v. Murphy Exploration & Prod. Co.
, 151 S.W.3d 306, 310 (Ark. 2004); 
Crawford
, at 430; 
JNJ Found. Specialists, Inc. v. D.R. Horton, Inc.
, 717 S.E.2d 219, 228 (Ga. Ct. App. 2011); 
Blackshare v. Banfield
, 857 N.E.2d 743, 746 (Ill. Ct. App. 2006); 
Martin & Pitz Assoc., Inc. v. Hudson Constr. Servs., Inc.
, 602 N.W.2d 805, 809 (Iowa 1999); 
Ramos v. Browning Ferris Indus. of South Jersey, Inc.
, 510 A.2d 1152, 1159 (N.J. 1986); 
Linkowski v. General Tire & Rubber Co.
, 371 N.E.2d 553, 557 (Ohio Ct. App. 1977); 
Sangermano v. Roger Williams Realty Corp.
, 22 A.3d 376, 377 (R.I. 2011); 
see also
 
DaimlerChrysler Corp. v. Wesco Distrib., Inc.
, 760 N.W.2d 828, 833 (Mich. Ct. App. 2008) (construe against drafter and indemnitee).

[¶16] Here, the indemnity provision provides that KLJ agreed to indemnify the City from “liability . . . which may arise out of or result from [KLJ’s] negligent acts or omissions,” and further states that KLJ “shall not be responsible for an amount disproportionate to [its] culpability.”  The plain language reflects the parties’ intent that KLJ would indemnify the City only for liability arising out of or resulting from KLJ’s negligence and only for an amount that is proportionate to KLJ’s culpability.  The language of the indemnity provision is limited to liability and culpability and does not specifically require KLJ to defend against claims or allegations.  The indemnity provision only applies when there has been a determination that KLJ was negligent and when the City’s liability arising out of or resulting from that negligence has been established.

[¶17] However, N.D.C.C. § 22-02-07 also provides statutory rules for interpreting an indemnity contract, and states:

In the interpretation of a contract of indemnity, 
unless a contrary intention appears
, the following rules are to be applied:

1. Upon an indemnity against liability, expressly or in other equivalent terms, the person indemnified is entitled to recover upon becoming liable.

2. Upon an indemnity against claims, demands, damages, or costs, expressly or in other equivalent terms, the person indemnified is not entitled to recover without payment thereof.

3. An indemnity against claims, demands, or liability, expressly or in other equivalent terms, embraces the costs of defense against such claims, demands, or liability incurred in good faith and in the exercise of reasonable discretion.

4. The person indemnifying is bound, on the request of the person indemnified, to defend actions or proceedings brought against the latter in respect to the matters embraced by the indemnity, but the person indemnified has the right to conduct such defense if that person chooses to do so.

5. If, after request, the person indemnifying neglects to defend the person indemnified, a recovery against the latter, suffered by the latter in good faith, is conclusive in the latter’s favor against the former.

6. If the person indemnifying, whether that person is a principal or a surety in the agreement, has not had reasonable notice of action or proceedings against the person indemnified or is not allowed to control its defense, judgment against the latter is only presumptive evidence against the former.

7. A stipulation that a judgment against the person indemnified shall be conclusive upon the person indemnifying is inapplicable if the person indemnifying had a good defense upon the merits which, by want of ordinary care, the person indemnifying failed to establish in the action.

(Emphasis added).

[¶18] The district court concluded N.D.C.C. § 22-02-07(4) applies and adds a duty to defend to the parties’ indemnity agreement because the agreement does not specifically state KLJ does not have a duty to defend.  The provisions of N.D.C.C. § 22-02-07 for interpreting indemnity contracts apply “unless a contrary intention appears” in the contract.  We have not interpreted what is required to express a contrary intention in an indemnity agreement.  Other jurisdictions have adopted statutes similar to N.D.C.C. § 22-02-07.  
See
 Cal. Civil Code § 2778; 18 Guam Code Ann. § 30107; Mont. Code Ann. §§ 28-11-313 to 28-11-317; Okla. Stat. tit. 15, § 427; S.D. Codified Laws §§ 56-3-7 to 56-3-15.  However, case law interpreting and applying these other statutes to indemnity contracts is scarce. 

[¶19] In 
Crawford
, 187 P.3d at 427-28, a general contractor sued a subcontractor for indemnification and attorney’s fees incurred in defending itself in an underlying action based on the indemnity provision in the parties’ contract.  The California Supreme Court held the specific terms of the contract included a duty to defend against allegations of the indemnitor’s negligence, even though the jury ultimately found the indemnitor was not negligent, because the contract stated the indemnitor promised “(1) ‘ to indemnify and save [the indemnitee] harmless against all claims for damages . . . loss, . . . and/or theft . . . growing out of the execution of [the indemnitor’s] work,’ 
and
 (2) ‘at [its] own expense to 
defend any suit or action
 brought against [the indemnitee] 
founded upon
 the claim of such damage[,] . . . loss or theft.’”  
Id.
 at 427 and 431 (emphasis in the original).  Although the court did not decide the ultimate outcome in the case based on California’s indemnity statute, which is similar to N.D.C.C. § 22-02-07, the court discussed the statute and its application to indemnity contracts.  The court said statutory rules for interpreting indemnity contracts are deemed included in every indemnity agreement unless the parties indicate otherwise.  
Crawford
, at 431.  The court further said California case law has long confirmed that, unless the contract expressly provides otherwise, an indemnitor has an obligation to defend an indemnitee against claims encompassed by the indemnity provision under the statutory indemnity provisions.  
Id.
 at 432.  

[¶20] In 
Regan Roofing Co. v. Superior Court
, 29 Cal. Rptr. 2d 413 (Cal. Ct. App. 1994), the court decided whether the subcontractor had a duty to defend the general contractor under the terms of their contract and the California indemnity statute.  The contract required “the subcontractor to hold the general contractor harmless ‘against any other liability, cost or expense of any nature or kind 
arising out of or in any way connected with Subcontractor’s performance
 of this Subcontract.’”  
Id.
 at 419 (emphasis in original).  The court held the statutory duty to defend only applied to “matters embraced by the indemnity” and the matters embraced by the indemnity in that case were tied to liabilities or expenses connected with the subcontractor’s performance.  
Id.
  The court held it could not determine whether there was a duty to defend because there had not been a determination about whether the subcontractor was negligent.  
Id.

[¶21] In 
Crawford
, 187 P.3d at 439, the California Supreme Court disapproved 
Regan Roofing
.  The court said the 
Regan Roofing
 court erred because it seemed to assume that the statutory duty to defend was not “free-standing,” but only extended to claims to which the indemnity is actually owed.  
Id.
  The court explained the statutory duty to defend is broader than the statutory duty to reimburse an indemnitee’s defense costs.  
Id.
  Moreover, the court stated the subcontracts in 
Regan Roofing
 explicitly indicated a separate and distinct duty to defend, like the contract in 
Crawford
.  
Id.
  The court held, “
Regan Roofing
 was therefore mistaken insofar as it concluded that, under the agreements there at issue, the subcontractors’ defense duties arose only if the subcontractors became liable for indemnity.  We will disapprove the 
Regan Roofing
 decision to that extent.”  
Id.

[¶22] Like the California statute, N.D.C.C. § 22-02-07(4) provides for a statutory duty to defend in an indemnity contract, unless a contrary intention appears in the agreement, and the duty to defend requires the indemnitor to defend the indemnitee, upon request, against actions or proceedings in respect to the matters embraced by the indemnity.  The statute only requires a contrary intention; it does not require the contract explicitly state there is not a duty to defend.  In this case, the parties’ indemnity agreement is very limited and unambiguously expresses an intent that is contrary to the statute.  Under the agreement, KLJ was only required to indemnify the City from liability that may arise out of or result from KLJ’s negligence and only in an amount proportionate to KLJ’s culpability.  The language of the parties’ agreement expresses a clear intent to limit the indemnity to liability.  The duty to defend and the duty to indemnify are separate and the duty to defend arises when a claim is made and indicates the indemnitor has an active responsibility to the indemnitee from the beginning for the defense against claims.  
See
 
Crawford
, 187 P.3d at 431-32; 
cf.
 
Tibert v. Nodak Mut. Ins. Co.
, 2012 ND 81, ¶¶ 33-34, 816 N.W.2d 31 (duty to defend in insurance cases).  The indemnity provision in this case expresses an intent that KLJ will accept responsibility after negligence and liability have been determined and that KLJ will not accept responsibility at the beginning when only a claim or allegation exists.  We conclude the statutory duty to defend does not apply to the parties’ indemnity agreement because it expresses a contrary intent. 

[¶23] The City argues that under 
Bridston v. Dover Corp.
, 352 N.W.2d 194 (N.D. 1984), there is a duty to defend any time “save harmless” language is used in an indemnity provision.  The contract in 
Bridston
 stated the indemnitor would “indemnify and save harmless the [indemnitee] against any and all claims for loss, injury or damage to persons or property . . . .”  
Id.
 at 196.  This Court interpreted the indemnity provision to determine whether the parties intended the indemnitee be indemnified against liability arising from its own negligent acts.  
Id.
 at 197.  This Court said the “save harmless” language has been construed as a promise to protect and defend an indemnitee from all third-party claims.  
Id.
  In deciding the contract indemnified the indemnitee against its own negligent acts, the Court said the “save harmless” language was significant but it was also significant that the clause clearly stated the indemnitee was “to be saved harmless ‘against any and all claims for loss, injury or damage’” because there was no language limiting or qualifying the indemnity.  
Id.
  

[¶24] The language of the indemnity provision in this case is different from the language of the indemnity provision in 
Bridston
.  The indemnity provision in this case uses “save harmless” language, but it also uses language limiting the indemnity and only indemnifies against “liability,” not “any and all claims.”  In other cases, this Court has recognized that there is a difference between indemnifying against “claims” and indemnifying against “liability.”  
See
 
Barsness v. General Diesel & Equip. Co., Inc.
, 422 N.W.2d 819, 826 (N.D. 1988) (distinguishing from the indemnity in 
Bridston
 based on the differences in the language used, recognizing indemnification for “any and all claims” is different from indemnification for “liability arising out of the operation”).  Furthermore, N.D.C.C. § 22-02-07 also recognizes there is a difference between an indemnity against liability and an indemnity against claims.  
See
 N.D.C.C. § 22-02-07(1) and (2).  Black’s Law Dictionary defines “indemnity against liability” as “[a] right to indemnity that arises on the indemnitor’s default, regardless of whether the indemnitee has suffered a loss,” and further states, “[w]here the indemnity is against liability, the cause of action is complete and the indemnitee may recover on the contract as soon as his liability has become fixed and established . . . .”  
Black’s Law Dictionary
 837 (9th ed. 2004).  For indemnity against liability, the indemnitee may recover on the contract when the cause of action is complete and the indemnitee’s liability has become fixed and established.  42 C.J.S. 
Indemnity
 § 26 (2007).  “[A] mere claim or demand against indemnitee when no legal liability exists does not give rise to a right to indemnity under an agreement to indemnify against liability in the sense of accrued liability.”  
Id.
  When there is a duty to indemnify against a claim, a judgment fixing legal liability is not a condition precedent to recovery under the contract.  
Id.
  When there is an indemnity against liability, the indemnitor is not required to indemnify the indemnitee until there is a determination of actual liability.  In this case, there was no determination of liability.  Although there were claims that KLJ was negligent, the jury did not find any negligence and the City did not incur any liability. 

[¶25] Although KLJ did not have a duty to defend, the agreement would require KLJ to reimburse the City for all costs, expenses, and reasonable attorney’s fees the City incurred if the City was held liable arising out of or resulting from KLJ’s negligence.  Furthermore, N.D.C.C. § 22-02-07(5) provides that if the indemnitor refuses the indemnitee’s tender of its defense, “a recovery against the latter, suffered by the latter in good faith, is conclusive in the latter’s favor against the former.” 

[¶26] The indemnity language in this case was limited to indemnifying the City for liability resulting from KLJ’s negligence and only in an amount proportionate to KLJ’s culpability.  We conclude the statutory duty to defend in N.D.C.C. § 22-02-

07(4) does not apply because the indemnity provision expresses a contrary intent. 

III

[¶27] KLJ also argues the district court erred in various pre-trial decisions.  The City contends this Court does not have jurisdiction to consider these issues because KLJ only appealed from the duty to defend judgment and did not appeal the other orders.
  Rule 3(c), N.D.R.App.P., states that the notice of appeal must designate the judgment, order, or part thereof being appealed.  Nonappealable interlocutory orders are reviewable on appeal from a final judgment.  
Woodward v. Woodward
, 2010 ND 143, ¶ 7, 785 N.W.2d 902; 
see also
 
Security State Bank of North Dakota v. Orvik
, 2001 ND 197, ¶ 6, 636 N.W.2d 664.  The interlocutory orders are reviewable and the Court has jurisdiction to consider KLJ’s arguments.

[¶28] KLJ argues the claims against the City and the City’s third-part complaint against KLJ should have been dismissed before trial because Haggart released the City from liability by certifying it had been paid in full, the City’s claim for professional negligence was barred by the statute of limitations, and the City did not produce expert testimony establishing KLJ’s professional negligence.  These issues are related to the claims that were decided by the jury and were dismissed after the jury found SCI failed to establish its claim.  There is no available remedy for these issues, and they are either without merit or would not change the outcome of the appeal. 

IV

[¶29] KLJ argues the City is required to indemnify KLJ for its defense costs under a separate indemnity provision, which provides:

[The City] further agrees to indemnify and hold [KLJ] harmless from any and all costs, liability, real or alleged, in connection with the performance of work on this project, excepting liability proximately arising from the sole negligence of [KLJ].

However, KLJ’s answer to the City’s third-party complaint did not raise this issue as a counterclaim.  A party may bring any claim against an opposing party as a counterclaim in its pleading and some claims against an opposing party must be brought as a counterclaim in the pleadings.  N.D.R.Civ.P. 13; 
see also
 
Leo Lumber Co. v. Williams
, 191 N.W.2d 573, 576-77 (N.D. 1971).  An issue not properly raised in the pleadings may be tried by the parties’ express or implied consent.  N.D.R.Civ.P. 15(b)(2); 
see also
 
Aho v. Maragos
, 2000 ND 14, ¶ 7, 605 N.W.2d 161.  KLJ raised this issue for the first time in its memorandum on the issues remaining after the jury trial was complete, but KLJ’s argument was brief and conclusory.  KLJ has not claimed it presented any evidence specific to this issue in support of its claim and the court did not address the issue in its decision.  KLJ failed to raise an issue about whether the City had a duty to indemnify or defend KLJ in its pleadings and failed to adequately raise it otherwise.  Because the issue was not properly raised, we will not address it on appeal.

V

[¶30] KLJ also contends it is entitled to recover its costs and expenses as a prevailing party.  In KLJ’s memorandum on the remaining issues, KLJ argued it was entitled to recover its costs and expenses as the prevailing party because the City sued KLJ for negligence and it did not recover anything.  A district court has discretion to award costs under N.D.C.C. § 28-26-10, and a court’s decision whether to award disbursements under N.D.C.C. § 28-26-06 will not be overturned on appeal unless the court abuses its discretion.  
WFND, LLC v. Fargo Marc, LLC
, 2007 ND 67, ¶ 47, 730 N.W.2d 841.  The district court did not address KLJ’s argument, and we remand for the court to decide this issue.

VI

[¶31] We conclude KLJ did not have a duty to defend the City.  We reverse the district court’s judgment awarding the City $32,696.63 for costs and expenses, and we remand for a determination of whether KLJ is entitled to recover its costs and expenses as a prevailing party.

[¶32] Mary Muehlen Maring

Daniel J. Crothers

Dale V. Sandstrom

Carol Ronning Kapsner

Gerald W. VandeWalle, C.J.