2014 ND 172

**In the Interest of T.R.C., a Child.**

**State of North Dakota, Petitioner and Appellee**

v.

**T.R.C., a child, C.M.C., mother, and S.W.S., father, Maggie Anderson, Interim Executive Director, North Dakota Department of Human Services, Respondents.**

**S.W.S., father, Appellant.**

**No. 20140206.**

Supreme Court of North Dakota.

Aug. 28, 2014.

Stuart A. Larson, State's Attorney, Hillsboro, N.D., for petitioner and appellee; submitted on brief.

Blake D. Hankey, Grand Forks, N.D., for appellant; submitted on brief.

McEVERS, Justice.

[¶ 1]  S.W.S. appeals from a juvenile court order terminating his parental rights to T.R.C., a child.  We reverse and remand, concluding the court's findings do not adequately explain the basis for its decision.

### I

[¶ 2]  S.W.S. is the father and C.M.C. is the mother of T.R.C., who was born in

2011. The child was taken into custody of Traill County Social Services on November 13, 2012, based on abandonment by C.M.C. S.W.S. was determined to be the father of T.R.C. about one month later. A reunification plan was developed for each parent for reunification with the child. On October 23, 2013, the State petitioned to terminate the parental rights of S.W.S. and C.M.C. C.M.C. appeared at an initial hearing and advised the court that she wished to voluntarily terminate her parental rights to the child.

[¶ 3] A termination hearing was held on April 28, 2014, and various witnesses testified, including the father, the father's wife, and the child's social worker. There was evidence presented about conditions in the father's home, the father's employment, and the father's chemical dependency. After the hearing, the juvenile court ordered termination of both parents' parental rights. The court found the child is deprived and the deprivation is likely to continue. The court also found it was contrary to T.R.C.'s welfare to continue to live with his parents, reasonable efforts were made to prevent the need for removing the child and to make reunification possible, and termination was in T.R.C.'s best interests.

## II

[¶ 4] S.W.S. argues the juvenile court erred in terminating his parental rights. He claims the State did not show, by clear and convincing evidence, the deprivation is likely to continue, the court erred in finding clear and convincing evidence supports that the child will probably suffer serious harm absent termination, and the court erred in finding reasonable efforts were made to reunite the family.

[¶ 5] We will not reverse a juvenile court's findings of fact in a termination case unless the findings are clearly errone-

ous. *In re R.L.-P.*, 2014 ND 28, ¶ 12, 842 N.W.2d 889. The court's decision to terminate parental rights is a question of fact. *Id.* A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, there is no evidence to support it, or, based on the entire record, this Court is left with a definite and firm conviction a mistake has been made. *Id.*

[¶ 6] The juvenile court may terminate a parent's parental rights if the child is a deprived child and the court finds:

(1) The conditions and causes of the deprivation are likely to continue or will not be remedied and that by reason thereof the child is suffering or will probably suffer serious physical, mental, moral, or emotional harm; or

(2) The child has been in foster care, in the care, custody, and control of the department, or a county social service board ... for at least four hundred fifty out of the previous six hundred sixty nights....

N.D.C.C. § 27–20–44(1)(c). "Under these provisions, termination may be ordered if (1) the child is deprived and the deprivation is likely to continue or (2) the child is deprived and has been in foster care for 450 of the previous 660 nights." *In re J.N.*, 2012 ND 256, ¶ 6, 825 N.W.2d 868. The party seeking termination must prove the required elements by clear and convincing evidence. *R.L.-P.*, 2014 ND 28, ¶ 12, 842 N.W.2d 889.

[¶ 7] In this case, the juvenile court terminated S.W.S.'s parental rights, finding the child is a deprived child and the deprivation was not due primarily to the lack of the parents' financial means. The juvenile court found:

It is further stated that the conditions which make the above named child deprived are not likely to be remedied in

the near future and as a result it is probable that the child will suffer serious physical, mental, moral or emotional harm due to the following:

    . . . .

b. [S.W.S.] is the biological father of [T.R.C.]. . . .

c. [T.R.C.] was adjudicated a deprived child on December 28, 2012.

d. On December 28, 2012, [T.R.C.] was placed in the full custody of Traill County Social Services for a period of one year, with authorization to make out of home placement. . . .

e. A service plan was put in place to reunify the child with the mother or father.

    . . . .

g. That [S.W.S.] has not completed chemical dependency treatment or provided a safe residence for the minor child.

h. The services and treatment anticipated as a result of the deprivation finding have not abated the causes of the deprivation, and the child, [T.R.C.], continues to be deprived, and this is likely to continue for the foreseeable future.

i. The child, [T.R.C.] has been in foster care since November 13, 2012 or the equivalent of 531 days. Services provided to the family are outlined in the affidavit which is incorporated by reference.

The court found there was clear and convincing evidence T.R.C. came within the provisions of N.D.C.C. ch. 27–20 and is in need of continuing care as a deprived child, reasonable efforts were made to prevent removal of T.R.C. from the home and to make reunification possible, and returning the child to S.W.S. or C.M.C.'s home would be contrary to the child's welfare. The court also found it was in T.R.C.'s best interests to terminate S.W.S.'s parental rights.

[¶ 8] The juvenile court made a specific finding regarding the number of days T.R.C. had been in foster care. However, termination was not ordered under N.D.C.C. § 27–20–44(1)(c)(2), as the petition for termination of parental rights did not allege the time the child has been in foster care as a basis for termination.

[¶ 9] Most of the court's findings are general and conclusory or a mechanical recitation of statutory language under N.D.C.C. ch. 27–20. Rule 52(a), N.D.R.Civ.P., requires a court to find facts specially and state its conclusions of law separately when an action is tried on the facts without a jury. "The court must make findings of fact and conclusions of law which provide sufficient specificity to enable a reviewing court to understand the factual determinations made by the trial court and the basis for its conclusions of law and decision." *J.N.*, 2012 ND 256, ¶ 12, 825 N.W.2d 868. "The court's 'findings of fact . . . should be stated with sufficient specificity to assist the appellate court's review and to afford a clear understanding of the court's decision.'" *Id.* (quoting *Niska v. Falconer*, 2012 ND 245, ¶ 10, 824 N.W.2d 778). "'[W]e cannot properly review a decision if the [trial] court does not provide an explanation of the basis for its decision because we would be left to speculate whether the court properly applied the law.'" *J.N.*, at ¶ 12 (quoting *State v. Gress*, 2011 ND 193, ¶ 4, 803 N.W.2d 607). Findings that are conclusory and general do not comply with N.D.R.Civ.P. 52(a). *J.N.*, at ¶ 8.

[¶ 10] The juvenile court's finding that S.W.S. has not completed chemical dependency treatment or provided a safe residence for the child is the only finding providing any explanation for the court's decision to terminate the father's parental rights. However, this finding alone is not adequate to explain the basis for the

court's decision. There was conflicting evidence presented on many of the issues S.W.S. raises in his brief, but the court did not make any specific findings about the evidence. The court's findings are general and conclusory and do not allow us to understand the factual determinations the court made and the basis for its conclusions of law and decision. Because the juvenile court failed to make specific findings and provide an explanation affording a clear understanding of its decision to terminate S.W.S.'s parental rights, we are unable to properly review the decision.

### III

[¶ 11] We conclude the juvenile court failed to sufficiently explain the basis for its decision. We reverse the juvenile court's order and remand, for the court to make sufficient findings.

[¶ 12] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, DALE V. SANDSTROM, and CAROL RONNING KAPSNER, JJ., concur.